JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 30 2007

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL

# ON MULTIDISTRICT LITIGATION

In re:

PET FOOD PRODUCT LIABILITY LITIGATION

MDL No. _____

## PLAINTIFF SHIRLEY SEXTON'S MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION UNDER 28 U.S.C. § 1407

Mark J. Tamblyn
**WEXLER TORISEVA WALLACE LLP**
1610 Arden Way, Suite 290
Sacramento, CA 95815
Telephone: (916) 568-1100
Facsimile: (916) 568-7890

Stuart C. Talley
**KERSHAW, CUTTER & RATINOFF, LLP**
980 9th Street, 19th Floor
Sacramento, California 95814
Telephone: (916) 448-9800
Facsimile: (916) 669-4499

Attorneys for Individual and Representative Plaintiff, *Shirley Sexton*



EXHIBIT A

**OFFICIAL FILE COPY**

RECEIVED CLERK'S OFFICE
2007 MAR 29 A 10:45
JUDICIAL PANEL ON MULTIDISTRICT

1

MOTION FOR TRANSFER AND COORDINATION OR CONSOLIDATION

IMAGED APR 2 2007

Plaintiff in the action listed below, by her attorneys, moves the Panel pursuant to 28 U.S.C. § 1407 to transfer the pending cases identified in the schedule filed concurrently herewith to the United States District Court for the Central District of California, and to consolidate them for pretrial purposes before the Honorable George H. King.

As set forth below and in the accompanying Memorandum, Movant believes the actions listed on the accompanying Schedule of Actions satisfy the requirements for consolidation and coordination because they concern common questions of fact and law and consolidation or coordination will serve the interests of efficiency and convenience.

In support of this Motion, Movant states as follows:

1.  Movant is the plaintiff in the following case:

**_Shirley Sexton v. Menu Foods Income Fund, Inc._**
United State District Court for the Central District of California
Case No. 07-cv-01958-GHK (AJWx).

2.  The *Sexton Action* is a class action brought on behalf of all United States' residents who purchased contaminated pet food from Menu Foods Income Fund, Menu Foods Inc., and Menu Foods Midwest Corporation (collectively referred to as "Menu Foods").

3.  Specifically, the *Sexton Action* alleges that Menu Foods sold contaminated pet food to the general public that could cause severe injuries and death to pets that consumed the food.

4.  The *Sexton Action* seeks damages on behalf of all individuals who purchased the defendant's contaminated pet food.

5.  The factual allegations in the related actions contain identical allegations concerning the defendant's sale of contaminated pet food to the public. (See Complaints attached hereto as Exhibits A (*Sexton*), B (*Holt*) C (*Sims*), D (*Majerczyk*), E (*Whaley*), and F (*Workman*). The cases are all similar with respect to the legal theories supporting

their claims. All of the plaintiffs assert claims for compensatory damages, claims under state unfair and deceptive acts statutes, as well as common law claims, arising out of the defendant's conduct. Moreover each of the related actions is a class action and seeks relief on behalf of the same class of persons: all persons who purchased the contaminated pet food sold by the defendant. In each case, the district court will be asked to determine the following factual and legal issues raised against defendants:

    a) Whether Defendants intentionally, recklessly or negligently authorized injurious pet food to enter the market;

    b) Whether Defendants failed to properly test their "cuts and gravy" style dog and cat food before market entry of such foods;

    c) Whether Defendants intentionally, recklessly or negligently delayed in instituting a recall of its "cuts and gravy" style dog and cat food;

    d) Whether Defendants' recall is adquate and properly notifies potentially affected consumers;

    e) Whether Defendants' conduct constituted unlawful, unfair, or fradulent business practices under state consumer protections statutes;

    f) Whether Defendants have been unjustly enriched as a result of their conduct;

    g) Whether Plaintiff and members of the Class have sustained damages as a result of Defendants' conduct, and, if so, what is there appropriate measure of damages; and

    h) Whether Plaintiff and members of the Class are entitled to punitive damages, and, if so, in what amount.

    6.    Discovery conducted in each of the actions proposed for consolidation will be substantially similar, and will involve the same or similar documents and witnesses, since each case arises from virtually identical operative facts relating to Menu Food's conduct.

7. Absent transfer of all of these cases to a single forum for coordinated and consolidated pretrial proceedings, there is a substantial risk of inconsistent and conflicting pretrial rulings on discovery and other key issues, such as class certification.

8. There has been no discovery in any of the actions and no initial disclosures have been made. Since all actions are in the beginning stage of litigation, no prejudice or inconvenience will result from transfer, coordination, and/or consolidation.

9. Efficiency in the administration of justice will be served by consolidation, because one judge rather than three judges can supervise all pretrial proceedings and render rulings that are consistent for all plaintiffs on common issues.

10. For the reasons stated in this Motion and the Memorandum of Law submitted herewith, Movant respectfully request that all cases listed in the attached schedule be transferred to the United States District Court for the Central District of California to be consolidated for pretrial purposes before the Honorable George H. King.

Dated: 3-26-07                KERSHAW, CUTTER & RATINOFF, LLP

                              By: _____
                                  STUART C. TALLEY

                              980 9th Street, 19th Floor
                              Sacramento, California 95814
                              Telephone: (916) 448-9800
                              Facsimile: (916) 669-4499

                              Mark J. Tamblyn
                              **WEXLER TORISEVA WALLACE LLP**
                              1610 Arden Way, Suite 290
                              Sacramento, CA 95815
                              Telephone: (916) 568-1100
                              Facsimile: (916) 568-7890

                              Kenneth A. Wexler
                              **WEXLER TORISEVA WALLACE LLP**
                              One North LaSalle St., Suite 2000
                              Chicago, Illinois 60602
                              Telephone: (312) 346-2222
                              Facsimile: (312) 346-0022

                              Attorneys for *Plaintiff/Petitioner, Shirley Sexton*

ML 1850

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 30 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

In re:

MENU FOODS, INC. PRODUCTS
LIABILITY LITIGATION

MDL Docket No. _____

/

# FLORIDA PLAINTIFF CHRISTINA TROIANO'S MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407

Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

*Counsel for Florida Plaintiff Christina Troiano*

EXHIBIT B

OFFICIAL FILE COPY

IMAGED APR 2 2007

RECEIVED CLERK'S OFFICE 2007 MAR 29 A 10:30 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure on Multidistrict Litigation, plaintiff in the action styled *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. et. al.*, Case No. 07-60428-CIV-COHN, United States District Court for the Southern District of Florida ("Troiano" or "Movant"), files this Motion and respectfully moves for an Order transferring all related pending actions against Menu Foods, Inc. and its related partners, affiliates and subsidiaries (the "Defendants"), including the actions listed on Schedule of Actions, to the Southern District of Florida.

As set forth below and in the accompanying Memorandum, Troiano believes the actions listed on the accompanying Schedule of Actions, and any future tag-along actions, satisfy the requirements for consolidation and coordination because they concern common questions of fact and law and consolidation or coordination will serve the interests of efficiency and convenience.

In support of this motion, Movants state as follows:

1.   Movant is the plaintiff in the following case: *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. et. al.*, Case No. 07-60428-CIV-COHN which is currently pending in the United States District Court for the Southern District of Florida.

2.   Movant is currently aware of six other pending class action cases containing similar factual allegations and seeking similar relief against the Defendants. The cases are listed on the attached Schedule.

3.   Accompanying Movant's Motion is a Rule 7.2(a)(ii) Schedule of Actions listing all related actions of which Movant is aware. True and correct copies of the complaints in Movant's action and the complaints in each of the related actions are attached to the accompanying Schedule of Actions, filed herewith

4. As described in greater detail in the accompanying Memorandum, the factual allegations in each of the actions contain similar allegations regarding Defendants and their defective and ultimately deadly pet food. Each action contends that from December 3, 2006 up to and including March 6, 2007, and possibly at other times, Defendants entered into the stream of commerce pet food that was defective and, for thousands of household pets, deadly – Defendants' pet food and pet food products (the "Products") were contaminated with rat poison or a related agent that contributed to the illness and/or death of thousands of dogs and cats. As a result of the defective Products, each action contends that the Plaintiffs and members of the putative Class suffered damages in that they have incurred substantial veterinary bills, death of pets, and purchased and/or own pet food and pet food products that they would not otherwise have bought had they known such products were defective.

5. Each action further contends that Defendants should have known or know and have admitted that certain of the Products produced by the Defendants between December 3, 2006 and March 6, 2007 are defective and causing injury and death to pets, and on March 16, 2007, initiated a recall of some of the Products.

6. A centralization of all actions in the Southern District of Florida will be for the convenience of parties and witnesses under 28 U.S.C. §1407 and will save Defendants the burden of having to defend virtually identical actions in multiple states. Witnesses will also be spared the possibility of being required to testify in several locales.

7. Because each of these related cases arises from a virtually identical set of operative facts relating to Defendants' conduct, discovery conducted in each of the actions proposed for consolidation will be substantially similar, and will involve the same or similar documents and witnesses.

8. Absent transfer of all of these cases to a single forum for coordinated and consolidated proceedings, there is a substantial risk of inconsistent and conflicting pretrial rulings on discovery and other key issues, such as class certification. Coordination and consolidation will promote the just and efficient conduct of the actions, because it will allow one court to address Defendants' ongoing conduct.

9. Centralization in the Southern District of Florida will also promote the just and efficient conduct of this litigation under 28 U.S.C. § 1407 as more fully set forth in the attached Memorandum.

10. These actions have all been filed on or after March 19, 2007, and are still in their nascent stages. Movant is not aware of any discovery conducted to date, and know of no initial disclosures that have been made in any of these cases. A transfer of these related cases will result in only one judge supervising discovery and resolving any subsequent motions, including motions for class certification.

11. Since all actions are in the beginning stage of the litigation, no prejudice or inconvenience would result from transfer, coordination and/or consolidation.

12. A comparison of the relative MDL case loads of potential transferee districts demonstrates that the Southern District of Florida is a suitable forum. According to the Distribution of Pending MDL Dockets as of March 26, 2007, there is only one pending MDL proceeding in the Southern District of Florida, and numerous judges who have the experience to handle MDL's (*See* Distribution of Pending MDL Dockets as of March 26, 2007, Ex. A.).

13. For these reasons, and as set forth more fully in the accompanying memorandum, Movant respectfully requests that the Panel enter an Order consolidating and coordinating the actions

identified on the accompanying Schedule together with any related actions subsequently filed or presently unknown to Movant for proceedings in the Southern District of Florida.

Respectfully submitted,

DATED: March 28, 2007

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PAUL J. GELLER
Florida Bar No. 984795
*pgeller@lerachlaw.com*
STUART A. DAVIDSON
Florida Bar No. 84824
*sdavidson@lerachlaw.com*
JAMES L. DAVIDSON
Florida Bar No. 723371
*jdavidson@lerachlaw.com*

_____ For
STUART A. DAVIDSON

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: 561/750-3000
561/750-3364 (fax)

KOPELMAN & BLANKMAN
LAWRENCE KOPELMAN
Florida Bar No. 288845
*lmk@kopelblank.com*
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL 33301
Telephone: 954/462-6855
954/462-6899 (fax)

**Attorneys for Florida Plaintiff Christina Troiano**

G:\jdavidson\Menu Foods\Pleadings\Motion for MDL (final).doc

5

MDL 1850

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 30 2007

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE MENU FOODS POISONED PET FOOD LITIGATION | No. MDL DOCKET NO. |

**PLAINTIFFS' MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS TO THE WESTERN DISTRICT OF WASHINGTON UNDER 28 U.S.C. § 1407**

Plaintiffs Tom Whaley, Stacey Heller, Toinette Robinson, David Rapp, Cecily and Terrence Mitchell, Suzanne E. Johnson, Craig R. Klemann, Audrey Kornelius, Barbara Smith, Michele Suggett and Don James ("Plaintiffs"), respectfully move the Judicial Panel on Multidistrict Litigation for an Order, under 28 U.S.C. § 1407, that (i) transfers eight putative class actions, currently pending in the Western District of Arkansas, Southern District of Florida, Northern District of Illinois, Eastern District of Tennessee, District of New Jersey, District of Connecticut, Central District of California, as well as any cases that may subsequently be filed asserting similar or related claims, to the United States District Court for the Western District of Washington; and (ii) consolidates these proceedings with the five other similar actions that are currently pending in the Western District of Washington, *Tom Whaley v. Menu Foods, et al.*, No. C07-0411M; *Stacey Heller, et al. v. Menu Foods*, No. C07-0453JJC; *Suzanne E. Johnson, et al. v. Menu Foods*, No. C07-0455JCC; *Audrey Kornelius, et al. v. Menu Foods*, No. C07-0454MJP;

OFFICIAL FILE COPY

ORIGINAL

001958-12 161589 V1

IMAGED APR 2 2007

and *Michele Suggett, et al. v. Menu Foods, et al.*, No. C07-0457RSM, before the Honorable Ricardo Martinez. In support of their Motion for Transfer and Consolidation, Plaintiffs state as follows:

1. The class actions for which transfer and consolidation are proposed arise out of the same conduct and allege virtually identical claims. Each action is brought on behalf of a class of purchasers of dog or cat food produced by Menu Foods and sold under various labels, and alleges that Menu Foods produced tainted pet food that sickened their dogs or cats and caused the death of many of them.

2. The eight actions proposed for transfer, *Sims, et al. v. Menu Foods Income Fund, et al.*, No. 07-5053 (W.D. Ark.); *Scott, et al. v. Menu Foods, et al.*, No. 07-5055 (W.D. Ark.); *Troiano v. Menu Foods, Inc., et al.*, No. 07-60428 CIV-COHN (S.D. Fla.); *Majerczyk v. Menu Foods, Inc.*, No. 07CV1543 (N.D. Ill.); *Holt v. Menu Foods, Inc.*, No. 07-cv-00094 (E.D. Tenn.); *Workman, et al. v. Menu Foods Limited, et al.*, No. 07-cv-1338-NLH-AMD (D.N.J.); *Osborne v. Menu Foods, Inc.*, No. 07CV00469RNC (D. Conn.); and *Sexton v. Menu Foods, Inc., et al.*, No. CV07-01958 GHK (AJWx) (C.D. Cal.), are the only actions on file outside the Western District of Washington of which Plaintiffs are aware.

3. Plaintiffs propose that the *Sims, Scott, Troiano, Majerczyk, Holt, Workman, Obsborne* actions and the action pending in the Central District of California be consolidated with the five actions currently pending in the Western District of Washington before Judge Martinez, the lowest numbered of which is *Tom Whaley v. Menu Foods, et al.*, C07-0411M.

4. The centralization of these actions in a single judicial district for consolidated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses and will promote the interest of justice because all actions involve common factual and legal issues, including:

    a. whether the Defendant's dog and cat food was materially defective, and unfit for use as dog or cat food;

001958-12 161589 V1

      b.    whether Defendant breached any contract, implied contract or warranties relating to the sale of the dog and cat food;

      c.    whether Defendant's dog and cat food caused Plaintiffs' and other Class members' pets to become ill;

      d.    whether Plaintiffs and other Class members have been damaged, and, if so, what is the proper measure thereof;

      e.    what is the appropriate form of injunctive, declaratory and other relief.

    5.    Consolidation of the actions before a single court will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery and permit the cases to proceed to trial more efficiently.

    6.    All 13 actions are in the very early stages of litigation; no responsive pleadings have been filed nor has any discovery been conducted.

    7.    The proposed transfer and consolidation in the Western District of Washington will be for the convenience of parties and witnesses and will promote the just and efficient conduct of these actions because it is expected that plaintiffs' counsel in all actions will take discovery of the same witnesses and documents.

    8.    The Western District of Washington has the resources and judicial expertise to properly conduct this case.

    9.    Plaintiffs' motion is based on the accompanying memorandum of law, the filed pleadings and papers, and other materials that may presented to the Panel before or at the time of any hearing in this matter.

WHEREFORE, Plaintiffs respectfully request that the Panel order that the *Sims, Scott, Troiano, Majerczyk, Holt, Workman, Obsborne* and *Sexton* actions, as well as any cases that may be subsequently filed asserting related or similar claims, be transferred to the Western District of Washington for consolidated and coordinated pretrial proceedings.

Dated: March 28, 2007

HAGENS BERMAN SOBOL SHAPIRO LLP

By _____
Steve W. Berman
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

MYERS & COMPANY, P.L.L.C.
Michael David Myers
1809 Seventh Avenue, Suite 700
Seattle, Washington 98101
Telephone: (206) 398-1188
Facsimile: (206) 400-1112
E-mail: mmyers@myers-company.com

Philip H. Gordon
Bruce S. Bistline
Gordon Law Offices
623 West Hays St.
Boise, ID 83702
Telephone: (208) 345-7100
Facsimile: (206) 623-0594
E-mail: pgordon@gordonlawoffices.com

Adam P. Karp
Animal Law Offices of Adam P. Karp
114 W. Magnolia St., Ste. 425
Bellingham, WA 98225
Telephone: (360) 738-7273
Facsimile (360) 392-3936
Email: adam@animal-lawyer.com

*Attorneys for Plaintiffs Tom Whaley, Stacey Heller, Toinette Robinson, David Rapp, Cecily and Terrence Mitchell, Suzanne E. Johnson, Craig R. Klemann, Audrey Kornelius, Barbara Smith, Michele Suggett and Don James*

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE PET FOODS PRODUCTS<br>LIABILITY LITIGATION | )<br>)   MDL Docket No. 1850<br>)<br>) |

**PLAINTIFFS JAYME PITTSONBERGER, DAVID CARTER AND JIM
BULLOCK'S MOTION FOR TRANSFER AND
COORDINATION PURSUANT TO 28 U.S.C. §1407**

Plaintiffs Jayme Pittsonberger, David Carter and Jim Bullock respectfully submit this joint motion before the Judicial Panel on Multidistrict Litigation for an Order, under 28 U.S.C. §1407, that (i) transfers thirteen putative class actions, currently pending in the Western District of Washington, Western District of Arkansas, Southern District of Florida, Northern District of Illinois, Eastern District of Tennessee, District of Rhode Island, District of Connecticut, and the Central District of California,[1] as well as any

---

[1] These cases include: 1) *Tom Whaley v. Menu Foods, et al.*, Docket No. 07-cv-00411 (W.D. Wash.); 2) *Stacey Heller, et al. v. Menu Foods, et al.*, Docket No. 07-cv-00453 (W.D. Wash.); 3) *Audrey Kornelius, et al. v. Menu Foods, et al.*, Docket No. 07-cv-00454 (W.D. Wash.); 4) *Suzanne E. Johnson, et al. v. Menu Foods, et al.*, Docket No. 07-cv-00455 (W.D. Wash.); 5) *Michele Suggett, et al. v. Menu Foods, et al.*, Docket No.

cases that may subsequently be filed asserting similar or related claims, to the United States District Court for the District of New Jersey; and (ii) coordinates these actions with the fifteen similar actions that are currently pending in the District of New Jersey.[2] In support of this Motion for Transfer and Coordination, Plaintiffs state as follows:

1.  The class actions for which transfer and coordination are proposed arise out of the same conduct and allege virtually identical claims. Each action is brought on behalf of a class of purchasers of dog or cat food manufactured by Menu Foods and sold under various labels and alleges that Menu Foods produced contaminated or tainted pet food that sickened their dogs or cats and caused the death of many of them.

---

07-cv-00457 (W.D. Wash.); 6) *Shirley Sexton v. Menu Foods Income Fund, et al.*, Docket No. 07-cv-01958 (C.D. Cal.); 7) *Lauri A. Osborne v. Menu Foods Inc., et al*, Docket No. 07-cv-00469 (D. Conn.); 8) *Lizajean Holt v. Menu Foods Inc., et al*, Docket No. 07-cv-00094 (E.D. Tenn.); 9) *Carol Brown v. Menu Foods Inc., et al*, Docket No. 07-cv-00115 (D.R.I.); 10) *Dawn Majerczyk v. Menu Foods Inc., et al*, Docket No. 07-cv-01543 (N.D. Ill.); 11) *Christina Troiano v. Menu Foods Inc., et al*, Docket No. 07-cv-60428 (S.D. Fla.); 12) *Charles Ray Sims v. Menu Foods Income Fund, et al.*, Docket No. 07-cv-05053 (W.D. AK); and 13) *Richard Scott Widen v. Menu Foods, et al.*, Docket No. 07-cv-05055 (W.D. AK) (hereafter the "13 Actions").

[2] These actions include: 1) *Jared Workman, et al. v. Menu Foods Limited, et al.*, Docket No. 07-cv-01338 (D.N.J.) (Hillman); 2) *Suzanne Thompson, et al. v. Menu Foods Income Fund*, et al., Docket No. 07-cv-01360 (D.N.J.) (Sheridan); 3*) Larry Wilson v. Menu Foods Income Fund*, et al., Docket No. 07-cv-01456 (D.N.J.) (Hillman); 4) *Paul Richard, et al. v. Menu Foods Income Fund*, Docket No. 07-cv-01457 (D.N.J.) (Hillman); 5) *Linda Tinker v. Menu Foods, Inc.*, Docket No. 07-cv-01468 (D.N.J.)( Hillman); 6) *Janice Bonier et al. v. Menu Foods, Inc.*, Docket No. 07-cv-01477 (D.N.J.)(Hillman); 7) *Julie Hidalgo v. Menu Foods, Inc.*, Docket No. 07-cv-01488 (D.N.J.)(Hillman); 8) *Alexander Nunez v. Menu Foods Limited, et al.*, Docket No. 07-cv-01490 (D.N.J.) (Hillman); 9) *Mark Golding v. Menu Foods Limited, et al.*, Docket No. 07-cv-01521 (D.N.J.) (Hillman); 10) *Troy Gagliardi v. Menu Foods Inc., et al*, Docket No. 07-cv-01522 (D.N.J.) (Hillman); 11) *Kami Turturro v. Menu Foods Inc., et al*, Docket No. 07-cv-01523 (D.N.J.) (Hillman); 12) *Peggy Schneider v. Menu Foods Limited, et al.*, Docket No. 07-cv-01533 (D.N.J.) (Hillman); 13*) Jayme Pittsonberger v. Menu Foods Inc., et al*, Docket No. 07-cv-01561 (D.N.J.) (Hillman); 14) *David Carter v. Menu Foods Inc., et al*, Docket No. 07-cv-01562 (D.N.J.) (Hillman); 15) *Jim Bullock v. Menu Foods Inc., et al*, Docket No. 07-cv-01579 (D.N.J.) (Hillman).

2

2. This motion is filed on behalf of plaintiffs in the following actions: 1) *Jayme Pittsonberger v. Menu Foods Inc., et al*, Docket No. 07-cv-01561 (D.N.J.); 2) *David Carter v. Menu Foods Inc., et al*, Docket No. 07-cv-01562 (D.N.J.); 3) *Jim Bullock v. Menu Foods Inc., et al*, Docket No. 07-cv-01579 (D.N.J.) all of which are pending in the United States District Court for the District of New Jersey.

3. The 13 Actions proposed for transfer herein are the only actions on file outside the District of New Jersey of which Plaintiffs are aware.

4. Plaintiffs propose that pretrial proceedings in the 13 Actions be transferred and coordinated in the District of New Jersey where 15 of the 28 related actions are currently pending.

5. The centralization of these actions in a single judicial district for coordinated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses and will promote the interests of justice because all actions involve common factual and legal issues, including:

    a. whether the Defendants' dog and cat food was materially defective and unfit for use as dog or cat food;

    b. whether Defendants breached any warranties, express or implied, relating to the sale of the dog and cat food;

    c. whether Defendants' dog and cat food caused Plaintiffs' and other Class members' pets to become ill and die;

    d. whether Plaintiffs and other Class members have been damaged, and, if so, what is the proper measure thereof;

3

e. what is the appropriate form of injunctive, declaratory and other relief.

6. Coordination of the actions before a single court will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery and permit the cases to proceed to trial more efficiently.

7. All actions are in the very early stages of litigation; no responsive pleadings have been filed nor has any discovery been conducted.

8. The proposed transfer and coordination in the District of New Jersey will be for the convenience of parties and witnesses, and will promote the just and efficient conduct of these actions because it is expected that plaintiffs' counsel in all actions will take discovery of the same witnesses and documents.

9. Transfer to the District of New Jersey is appropriate because 15 of the 28 related actions were filed there; the District of New Jersey has the resources and judicial expertise to promptly and efficiently conduct this case; the District of New Jersey is more easily accessible and conveniently located than any other district proposed and, most importantly, the manufacturing facilities where much of the contaminated pet food was processed and manufactured is located in the District of New Jersey.

10. Plaintiffs' motion is based on the accompanying memorandum of law, the filed pleadings and papers, and other materials that may be presented to the Panel before or at the time of any hearing in this matter.

WHEREFORE, Plaintiffs respectfully request that the Panel order that the 13 Actions, as well as any cases that subsequently may be filed asserting related or similar claims, be transferred to the District of New Jersey for coordinated pretrial proceedings.

Dated: April 5, 2007

Respectfully submitted,
KAPLAN FOX & KILSHEIMER LLP

/s/ Christine M. Fox

ROBERT KAPLAN
LINDA NUSSBAUM
CHRISTINE M. FOX
805 Third Avenue, 22nd Floor.
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714


KAPLAN FOX & KILSHEIMER LLP
LAURENCE D. KING
555 Montgomery Street, Suite 1501
San Francisco, CA 94111
Tel: (415) 772-4700
Fax: (415) 772-4707

*Attorneys for Plaintiffs Pittsonberger, Carter, and Bullock*

KAPLAN FOX & KILSHEIMER LLP
WILLIAM J. PINILIS
237 South Street
Morristown, NJ 07962
Tel: (973) 656-0222
Fax: (973) 401-1114

*Attorneys for Plaintiffs Carter and Bullock*

SCHNEIDER & WALLACE
TODD M. SCHNEIDER
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 421-7100
Fax: (415) 421-7105

*Attorneys for Plaintiffs Pittsonberger, Carter, and Bullock*

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

April 12, 2007

NOTICE OF HEARING SESSION

Dear Counsel:

Pursuant to the order of the Judicial Panel on Multidistrict Litigation filed today, you are hereby notified that a hearing session has been scheduled to consider various matters pursuant to 28 U.S.C. § 1407.

DATE OF HEARING SESSION:    May 31, 2007

LOCATION OF HEARING SESSION:    Lloyd D. George United States Courthouse
Courtroom 7C, 7th Floor
333 Las Vegas Boulevard South
Las Vegas, Nevada 89101

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:30 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral argument will commence at **9:30 a.m.**

Please direct your attention to the enclosed Hearing Session Order and Schedule of Matters for Hearing Session for a listing of the matters scheduled for consideration at this hearing session.

- Section A of this Schedule lists the matters designated for oral argument.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001).

For those matters listed on Section A of the Schedule, the enclosed blue "Notice of Presentation or Waiver of Oral Argument" must be returned to this office no later than **May 14, 2007.** Note the procedures governing Panel oral argument which are outlined on the enclosed "Procedures for Oral Argument before the Judicial Panel on Multidistrict Litigation." These procedures are strictly adhered to and your cooperation is appreciated.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

c: Clerk, U.S. District Court for the District of Nevada


EXHIBIT E

```
                    JUDICIAL PANEL ON
                  MULTIDISTRICT LITIGATION
                           FILED

                      APRIL 12, 2007

                     JEFFERY N. LÜTHI
                    CLERK OF THE PANEL
```

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

## HEARING SESSION ORDER

IT IS ORDERED that on May 31, 2007, a hearing session will be held in Las Vegas, Nevada, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that at said hearing session the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section A of the attached Schedule shall be designated for oral argument.

IT IS FURTHER ORDERED that at said hearing session the matters listed on Section B of the attached Schedule shall be considered without oral argument, pursuant to Rule 16.1(c), R.P.J.P.M.L., 199 F.R.D. 425, 439 (2001). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 16.1(b), to issue a subsequent notice designating any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman